**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

**CRIMINAL NO.  3:02CR156**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| | ) | |
| **JAMES E. McLEAN, JR.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's *pro se* "Motion to

Return Property."  The motion is opposed by the Government.  For the

reasons stated herein, the motion is denied.


## I.  PROCEDURAL HISTORY

In a 66-count bill of indictment filed in 2002, Defendant and several

co-conspirators were charged with devising and executing a massive

mortgage fraud scheme, "whereby they obtained millions of dollars from

the secondary mortgage market by making and selling fraudulent and

fictitious mortgage notes in the names of false borrowers."  **Superseding**

**Bill of Indictment, filed September 13, 2002, at 1.**  Following a jury trial,

Defendant was convicted of all 66 counts.  **Verdict Sheet, filed November 22, 2002.**

On the day of the convictions, with the consent of both the Government and Defendant, the Court entered a Preliminary Order of Forfeiture.  **Preliminary Order of Forfeiture, filed November 22, 2002.** The Order listed the following items (among others) as forfeited to the United States:

• The sum of $21 million as proceeds of the conspiracy

• 1997 Chevrolet Monte Carlo V-6 Coupe 2D LS
VIN 2G1WW12M7V9153978
North Carolina license number KSF 6143

• $7,925 substituted for:
1997 Chevrolet Monte Carlo V-6 Coupe 2D LS
VIN 2G1WW12M7V9153978
North Carolina license number KSF 6143

• 1998 Chevrolet C3500 Pick-up Truck, V-8 PKP Fleet Crew Cab 8'
VIN 1GCHK33J5WF026344
North Carolina license number LTP 5867

• $18,500 substituted for:
1998 Chevrolet C3500 Pick-up Truck, V-8 PKP Fleet Crew Cab 8'
VIN 1GCHK33J5WF026344
North Carolina license number LTP 5867

*Id.* **at 2-3.**[1]  When no one came forward with a claim to these items, the Court entered a final order confirming their forfeiture.  **Amended First Final Order of Forfeiture, filed August 19, 2003, at 1, 2-3.**  Like the preliminary order, the final order referred to the fact that all parties to the case had consented to the forfeiture of the items.  *Id.* **at 2.**

On December 23, 2002, the Government filed a supplemental motion for forfeiture, which explained that in the days before his trial, Defendant had sold some real property located at 301-309 Neal Drive, Charlotte, North Carolina, to a third party named Phillip Hernandez.  **Motion for Supplemental Order of Forfeiture, filed December 23, 2002, at 2.**  Hernandez gave Defendant approximately $3,000 as a down payment, and the balance of $130,120 was secured by a note and deed of trust made payable to Defendant's company, NMAC Corp.  *Id.*  Hernandez and his attorney soon brought the note and deed of trust to the attention of the Government.  *Id.*

The Government advised that much of the $21 million in illegal proceeds listed in the first order of forfeiture was unrecoverable.  *Id.* **at 3.**

---

[1]  The VIN numbers originally reflected in the preliminary order of forfeiture proved to be incorrect and were changed by a later order of the Court.  For the sake of simplicity, the correct numbers are listed here.

It, therefore, requested that the note and deed of trust for the Neal Drive properties be forfeited as a partial substitute.  *Id.*  Defendant stated, through his attorney, that he would not consent to this forfeiture but that he did not intend to object or file any response.  *Id.*  After the response period had expired without further communication from Defendant, the Court granted the Government's motion and ordered the note and deed of trust in the amount of $130,120 be forfeited as substitute property for a portion of the $21 million described in the preliminary order of forfeiture.  **Supplemental Order of Forfeiture, filed January 28, 2003, at 1.**

## II.  ANALYSIS

Through his *pro se* motion, Defendant now challenges the Government's seizure of the Monte Carlo and the pick-up truck, as well as and the note and deed of trust pertaining to the Neal Drive property.  He requests that the Court "order the [G]overnment to return all property stated herein and release all right, title, and interest" to himself.  **Motion to Return Property, filed July 25, 2008, at 6.**  In support of his request, he cites Federal Rule of Criminal Procedure 41 and 19 U.S.C. § 1607.  *Id.* **at 1.**

Section 1607 of Title 19, United States Code, is a provision under the Tariff Act of 1930 which bears no relevance to the instant forfeiture proceedings. Rule 41 governs criminal searches and seizures. It provides, in part:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

**Fed. R. Civ. P. 41(g).** Under this rule, "[o]nce seized property is no longer needed as evidence, a criminal defendant is presumed to have the right to its return." ***United States v. Pierre*, 484 F.3d 75, 87 (1st Cir.), *cert. denied*, 128 S. Ct. 268 (2007).** "However, [a] Rule 41[(g)] motion is properly denied if . . . the property is . . . subject to forfeiture[.]" ***Id.* (first and second alterations in original) (internal quotation marks omitted); *see also Baranski v. Fifteen Unknown Agents of ATF*, 195 F. Supp. 2d 862, 868 (W.D. Ky. 2002) (holding that movant was not entitled to equitable relief under Rule 41 when forfeiture proceedings already provided an adequate remedy at law).**

In this case, there can be no question that the relevant property was subject to forfeiture and that proper forfeiture proceedings took place. Indeed, Defendant explicitly consented to the Court's preliminary order forfeiting the two cars (as well as the cash previously "substituted" for them). Defendant's consent to the preliminary order made that order final, as far as he was concerned. **Fed. R. Crim. P. 32.2(b)(3) ("At sentencing – or at any time before sentencing if the defendant consents – the order of forfeiture becomes final as to the defendant[.]").** As to the forfeiture of the note and deed of trust via the supplemental order of forfeiture, although this order was not entered consensually, Defendant nonetheless failed to appeal this order, nor did he seek any other relief from it. The supplemental order then became final (as to Defendant) at the time of his sentencing. *Id.* Under the rule stated in *Pierre*, Defendant may not now mount a collateral challenge to these five-year-old forfeiture orders.

In short, Defendant has stated no persuasive reason in support of his request for return of property, and the Court will accordingly deny his motion.

### III.  ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's motion to return property is hereby **DENIED**.

Signed: September 8, 2008

Lacy H. Thornburg
United States District Judge